[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11690

_____

D. C. Docket No. 5:11-cv-00257-WTH,
Bkcy No. 6:08-bk-00969-KSJ

IN RE:

    ATM FINANCIAL SERVICES, LLC,

                                          Debtor.

_____

SONEET R. KAPILA,

                                    Plaintiff-Appellant,

versus

INTERNAL REVENUE SERVICE,

                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 23, 2013)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This case concerns the dismissal of an adversary proceeding filed by Soneet R. Kapila ("the trustee"), a bankruptcy trustee seeking to avoid and recover a prepetition transfer of $536,686.91 by the debtor, ATM Financial Services, LLC ("ATMFS") to the Internal Revenue Service ("IRS"). The bankruptcy court found that the IRS was not the initial transferee of ATMFS's payment and was therefore entitled to the more liberal good-faith defense provided to subsequent transferees. Having satisfied the elements of the good-faith defense, the IRS was not required to return the funds. The trustee appeals the district court's affirmance of the bankruptcy court's judgment.

The issues presented on appeal are:

(1) Whether Best Labs, Inc. ("Best") was the initial transferee of ATMFS's funds; and

(2) Whether the funds are recoverable because the IRS is the entity for whose benefit the transfer was made under 11 U.S.C. § 550(a)(1).

In bankruptcy proceedings, we review factual findings for clear error and conclusions of law *de novo*. *Gen. Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir. 1997). On appeal, we review the district court's

2

conclusions of law, which reflect the conclusions of the bankruptcy court, *de novo*. *In re Halabi*, 184 F.3d 1335, 1337 (11th Cir. 1999).

Taking the second issue first, the trustee conceded in its brief and during oral argument that this second issue is being raised for the first time on appeal. This court does not generally entertain a new issue on appeal that was not raised in the district court because a party simply chose not to raise it, and that is all that happened here. This is not a case where the appellant's inability to retain counsel resulted in its failure to raise the issue in the court below. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir. 1982). And this is not a case where the appellant could not have raised the issue in the court below, as nothing in *In re Tousa, Inc.*, 680 F.3d 1298 (11th Cir. 2012), the case cited by the trustee, represents an intervening change in the law. *Cf. Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1333 (11th Cir. 2004) (stating that the appellants had every opportunity to raise the issue in the court below, and therefore, the issue was waived on appeal). Nor does this issue present a significant issue of general impact or of great public concern. *See Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 361 (11th Cir. 1984).

Because we conclude from the record that the second issue is waived, we decline to consider it.

Concerning the first issue presented on appeal, we affirm the district court's order affirming the bankruptcy court's judgment finding that the IRS was a subsequent transferee of ATMFS's funds and therefore entitled to the good faith defense based upon the well-reasoned opinion of the bankruptcy court filed on March 1, 2011.

**AFFIRMED.**